### FARRELL v. COOK et al.

*(Supreme Court, Special Term, New York County. January 18, 1889.)*

ASSOCIATIONS—MEMBERS AND OFFICERS—UNITING WITH SIMILAR ASSOCIATIONS.

   The fact that officers and members of an unincorporated association, as individuals, unite with an association of a similar character does not vacate their offices, or forfeit their membership in the former association, in the absence of any provision in its constitution forbidding them to unite with the second association; and the

fact that the constitution or rules of the second association forbids its members to become or continue members of any other local organization does not affect their relations to the first association.

At chambers. On motion to continue injunction.

Action by Robert F. Farrell, claiming to be president of lodge No. 6, United Order of American Carpenters & Joiners, and individually, against Louis Cook, James J. Ward, Patrick Keating, Edward O'Connell, John Humphries, and the Union Dime Savings Bank, to enjoin the individual defendants, who were officers of the lodge, from drawing its funds from the defendant bank, and incidentally to restrain them from acting as officers of the lodge.

*John Delahunty,* for plaintiff. *Titus & Dowling,* for defendants.

ANDREWS, J. Lodge No. 6 of the United Order of American Carpenters & Joiners is an unincorporated association, of which plaintiff and all the individual defendants were members. The defendant Cook was also president of said lodge No. 6, defendant Ward was its secretary, defendant Humphries was its treasurer, and defendants Keating and O'Connell were trustees. The charge made by the plaintiff against the defendants in his complaint and moving papers is substantially as follows: That the lodge met on December 1, the defendant Cook then being president and taking the chair; that previous thereto the defendant Cook and the other defendants had declared that they intended to and would require the members of the lodge to each take an oath to join the Brotherhood of Carpenters & Joiners of America; that at a meeting of the lodge held on November 25th the defendants took said oath, and at said meeting of December 1st requested the other members of the lodge to take said oath; that a number of other members took the oath, but deponent and some others refused to do so; that thereupon the defendant Cook declared that said lodge was dissolved, and that the members thereof who had taken said oath were members of said brotherhood, and were no longer officers or members of said lodge; that deponent and some others protested against said action on the part of the defendants, and refused to recognize their declaration that the lodge was dissolved, and insisted that said pretended dissolution was unauthorized, and contrary to the constitution of the lodge, and claimed to still continue as members of said lodge; that thereupon defendants and other members of the lodge who had become members of said brotherhood left the meeting room, and deponent and others remained and resumed the business of the lodge; that this deponent was then duly elected president of said lodge in the place of Cook.

The above charge is supported by the affidavit of the plaintiff and four others, who are members of said lodge. To meet the above charge there have been submitted the affidavits of the defendants Cook, Ward, O'Connell, Humphries, and five others. In these answering affidavits the above charge is absolutely and positively denied in every respect which is material to the decision of this motion. The defendants and others swear that, of about 165 members of lodge No. 6, over 100 have individually joined the local union, No. 63, of the United Brotherhood of Carpenters, and that a great majority of the remainder have signified their intention of so doing; that the defendants and others who have joined said local union No. 63 have never in any way forfeited their membership in said lodge No. 6, and are still members thereof; that the two organizations exist separately and distinct from each other, and that their meetings are distinct; that the defendants have never attempted to declare lodge No. 6 dissolved, nor have they ever vacated their offices or forfeited their membership.

The affidavits submitted on behalf of the defendants are in such direct conflict with those submitted on behalf of the plaintiff that it is impossible that the statements contained in all of them should be true. After some hesitation

I have reached the conclusion that the preponderance of evidence is on the side of the defendants. So far as the legal question involved is concerned, there is no provision in the constitution of said lodge No. 6 which prevents its members, as individuals, from joining the United Brotherhood. If the constitution or rules of the United Brotherhood forbids its members to become or continue to be members of any other local organization, the fact might be ground for the expulsion of the defendants from the United Brotherhood; but it does not furnish any ground for claiming that the defendants, and other members of lodge No. 6, who have joined the United Brotherhood, have thereby ceased to be members and officers of such lodge No. 6. After a careful examination of the whole matter, I have reached the conclusion that the plaintiffs cannot succeed in the action, and that the motion to continue the injunction should be denied, with $10 costs, to abide the event.